# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2013

No. 13-50303

Lyle W. Cayce
Clerk

WILLIAM LEE NISWANGER,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CV-97

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

William Lee Niswanger, Texas prisoner # 1562564, moves for a certificate of appealability (COA) to appeal from the dismissal of his 28 U.S.C. § 2254 petition challenging his conviction under Texas law for impersonating a public servant. He argues that the district court erred by dismissing on the merits his claims that the ineffectiveness of his trial counsel in several respects caused him to plead guilty.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not consider whether the performance of Niswanger's counsel "fell below an objective standard of reasonableness" nor whether the "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132. S. Ct. 1376, 1384 (2012) (internal quotation marks and citations omitted). Consequently, Niswanger has shown that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore GRANT both the motion for a COA and the motion for leave to proceed in forma pauperis, DENY the motion for appointment of counsel as unnecessary, VACATE the district court's judgment, and REMAND to the district court for further proceedings. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998); FED. R. APP. P. 24.